UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANGEL SAMANIEGO**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LANDSCAPE DESIGN & CONTRACTING INC.**, a Domestic Business Corporation; **BLOCK'S NURSERY, INC.**, a Domestic Business Corporation; and **BARRY BLOCK**, individually;<br><br>Defendants. | CASE NO. _____<br><br>COLLECTIVE ACTION COMPLAINT<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED |

## CLASS / COLLECTIVE ACTION COMPLAINT

ANGEL SAMANIEGO ("Plaintiff"), by and through his undersigned attorneys, hereby submits the following complaint against LANDSCAPE DESIGN & CONTRACTING INC. ("Barry Block Landscape"), BLOCK'S NURSERY, INC. ("Block's Nursery"), and BARRY BLOCK, individually ("Block") (collectively "Defendants"), and alleges:

## NATURE OF THE ACTION

1. This action seeks to redress Defendants systematic policy and practice of requiring employees to work overtime hours, without properly paying overtime wages as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), New York Labor Law, N.Y. Lab. Law, Art. 19 § 650 *et seq*. ("NYLL"), and Rules and Regulations of the State of New York ("NYCRR") § 142-2.

2. The FLSA, NYLL and NYCRR require employers to compensate employees for all hours worked, and at an overtime rate for all work completed over 40 hours per week.

However, Defendants systematically failed to properly compensate Plaintiff and those similarly situated at the proper overtime rate for all work over 40 hours per week.

3. Plaintiff brings his FLSA claims against Defendants as a collective action pursuant to 29 U.S.C. § 216 on behalf of all employees Defendants have employed for any length of time during the maximum allowable limitations period.

## JURISDICTION AND VENUE

4. This Court also has jurisdiction under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 (federal questions jurisdiction), and supplemental jurisdiction over Plaintiff's NYLL and NYCRR claims pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, worked for Defendants in this District and suffered the losses at issue in this District.

## PARTIES

6. ANGEL SAMANIEGO is a resident of Mastic, New York.

7. At times relevant hereto, Plaintiff worked full time as a non-exempt Laborer for Defendants (2008 through 2012 and again from March, 2014 through March, 2017).

8. LANDSCAPE DESIGN & CONTRACTING INC. is a New York Corporation with its principal office located at 2 Tuthill Point Farm Rd, East Moriches, New York 11940. **Exhibit A**.

9. BLOCK'S NURSERY, INC. is a New York Corporation with its principal office located at 2 Tuthill Point Farm Rd, East Moriches, New York 11940. **Exhibit B**.

10. BARRY BLOCK is the Owner of Barry Block Landscape and Block's Nursery, and resident of East Moriches, New York.

11. At all times relevant hereto, Defendants jointly employed Plaintiff. To that end, Plaintiff simultaneously was directed by Defendants and performed work for all of the Defendants within the same workweeks, throughout his employment.

## EMPLOYMENT RELATIONSHIP

12. Defendants each had the power to hire and fire Plaintiff.

13. Defendants each controlled Plaintiff's work schedule.

14. Defendants each scheduled Plaintiff and other laborers to certain shifts.

15. Defendants each required Plaintiff and other laborers to work a certain number of days during the week.

16. Defendants each determined the rate and the method of payment of all laborers including Plaintiff.

17. At all times relevant hereto, Defendants operated their business with a common business purpose, with common management, and with the same employees.

18. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

20. Defendant Barry Block is the Owner and Executive Officer of Barry Block Landscape.

21. Defendant Barry Block directs the day-to-day business operation of Barry Block Landscape.

22. Defendant Barry Block has responsibility for the supervision of the laborers at Barry Block Landscape.

23. Defendant Barry Block is responsible for the compensation or lack thereof paid to laborers at Barry Block Landscape.

24. Defendant Barry Block is the Owner of Block's Nursery.

25. Defendant Barry Block directs the day-to-day business operation of Block's Nursery.

26. Defendant Barry Block has responsibility for the supervision of the laborers at Block's Nursery.

27. Defendant Barry Block is responsible for the compensation or lack thereof paid to laborers at Block's Nursery.

28. Defendant Barry Block has the authority to hire and fire employees of Barry Block Landscape, the authority to direct and supervise the work of employees of Barry Block Landscape, the authority to sign on the business' checking accounts of Barry Block Landscape, including payroll accounts of Barry Block Landscape, and the authority to make decisions regarding employee compensation and capital expenditures of Barry Block Landscape.

29. Defendant Barry Block has the authority to hire and fire employees of Block's Nursery, the authority to direct and supervise the work of employees of Block's Nursery, the authority to sign on the business' checking accounts of Block's Nursery, including payroll accounts of Block's Nursery, and the authority to make decisions regarding employee compensation and capital expenditures of Block's Nursery.

30. Additionally, Defendant Barry Block was responsible for the day-to-day affairs of both businesses.

31. Defendant Barry Block was responsible for determining whether the businesses complied with the Fair Labor Standards Act.

32. Defendant Barry Block controlled the nature, pay structure, and employment relationship of the Plaintiff and Class Members.

33. At all times relevant hereto, Defendant Barry Block assigned Plaintiff his duties on a day to day basis and interchangeably assigned him to perform work for both Block's Nursery and Barry Block Landscaping.

## BACKGROUND FACTS

34. Plaintiff was jointly employed by Barry Block Landscaping as a Laborer during the relevant time from on or about year 2011 through on or about March 2017.

35. Plaintiff was jointly employed by Block's Nursery as a Laborer during the relevant time from on or about year 2011 through on or about March 2017.

36. During the relevant time period from on or about year 2011 through on or about March 2017, Plaintiff was employed as a full-time employee and worked approximately sixty (60) hours per week at an hourly rate between $10.00 and $14.00.

37. Throughout the relevant period, Plaintiff was not paid proper overtime premiums for all hours worked over 40 hours per week.

38. Throughout the relevant period, Defendant Block regularly required employees, including Plaintiff, to perform overtime work for Corporate Defendants, Barry Block Landscaping and Block's Nursery.

39. Throughout the relevant period, and in violation of state and federal law, Defendants knowingly permitted, encouraged, and required Plaintiff to work overtime hours without properly paying him proper overtime wages.

40. Plaintiff estimates that he worked on average, at least twenty (20) unpaid overtime hours per week for Defendants.

41. Despite the fact that Defendants were a joint enterprise and/or jointly employed Plaintiff and their other employees, Defendants failed to pay Plaintiff and other similarly situated employees proper overtime when they worked in excess of 40 hours per week for the combined entities.

## ENTERPRISE AND INDIVIDUAL COVERAGE

42. At all material times, Defendants were each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

43. At all material times, each Defendant was an enterprise engaged in commerce or in the production of good for commerce and subject to the enterprise coverage of the FLSA.

44. Specifically, Defendants' employees have sold goods—such as trees and a variety of plants—that have been moved or produced in interstate commerce to Defendants' patrons. Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

45. Defendants advertise on the internet and process credit cards from out of state patrons.

46. At all times relevant hereto, Defendants have had, and continue to have, a combined annual gross business volume in excess of $500,000.00 per annum.

47. At all times relevant hereto, each Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.00 per annum.

48. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of a proposed collective defined to include:

> All non-exempt employees employed during the maximum limitations period by Defendants who worked in excess of 40 hours per week for the combined entities but whom were not paid time and one half their regular rate of pay for all such hours worked in excess of 40 each week.

50. Plaintiff is a member of the proposed collective he seeks to represent, because he worked for Defendants as a Laborer during the relevant period and suffered the overtime violation alleged above relating to time work in excess of his forty (40) hour work week.

51. This action may be properly maintained as a collective action on behalf of the putative Class because, during the relevant period:

   a. Plaintiff and the Class members had the same employers;

   b. Plaintiff and the Class members were governed by the same compensation policies, practices and systems;

   c. Plaintiff and the Class members were subjected to the same policies relating to overtime work;

   d. Plaintiff and the Class members were governed by the same payroll policies, practices and systems;

   e. Plaintiff and the Class members were working for joint-enterprises;

52. Plaintiff estimates that the collective group, including both current and former employees over the relevant period, will include at least 500 members. The precise number of

members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and/or the posting of written notices at Defendants' work sites.

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT
(On Behalf Of The FLSA Collective)

53.  Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

54.  Defendants are an "employer" as defined by 29 U.S.C. § 203(d).

55.  Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1).

56.  The wages Defendants paid to Plaintiff and the collective group members are "wages" as defined by 29 U.S.C. § 203(m).

57.  Defendants are an "enterprise" engaged in commerce within the meaning of 29 U.S.C. § 203(r).

58.  Plaintiff and the collective group members are similarly situated individuals within the meaning of 29 U.S.C. §216(b) with the FLSA's requirements, and Plaintiff and the collective group members were covered employees entitled to the FLSA's protections.

59.  Defendant failed to compensate Plaintiff and other similarly situated employees for overtime wages. Plaintiff and the collective group members regularly worked for Defendant for more than 40 hours in some weeks but were not paid proper overtime premiums in violation of FLSA, 29 U.S.C. § 207(a)(1).

60. Throughout the relevant period, Defendants paid Plaintiff at a rate between $10.00 and $14.00 per hour.

61. Throughout the time period, Defendants were obligated to comply with the FLSA requirements, Plaintiff was a covered employee entitled to the FLSA's protections, and Plaintiff was not exempt from receiving wages required by the FLSA for any reason.

62. Defendants violated the FLSA by knowingly permitting Plaintiff to work overtime hours without paying a properly-calculated overtime premium wage for each overtime hour he worked in excess of a forty (40) hour work week.

63. In failing to ensure that Plaintiff actually received all overtime wages owed, Defendants acted knowingly and with reckless disregard of clearly applicable FLSA provisions.

64. Defendants have no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the FLSA.

65. Pursuant to the FLSA, Plaintiff is entitled to recover from Defendants the unpaid overtime wages and liquidated damages equal in amount Plaintiff and the collective group's unpaid overtime wages, plus attorney's fees and costs.

**COUNT II - VIOLATION OF NEW YORK LABOR LAW §§ 650 *et seq.***

66. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

67. NYLL § 652 requires that every employee must be paid for "each hour worked" by their employer.

68. Through their conduct described above, Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL.

69. At all relevant times, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq*.

70. Through their knowing or intentional failure to pay agreed upon hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*.

71. Defendants regularly required Plaintiff to work overtime hours without due compensation.

72. Plaintiff was required to work for Defendants and was not properly paid for all hours worked.

73. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

74. NYLL § 663(1) further provides that Plaintiff is entitled to an award of his costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

75. Under NYLL § 663(1), Defendants are liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendants cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III - VIOLATION OF THE NYLL § 650 AND NYCRR § 142-2**

77. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

78. Through their conduct described above, Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL.

79. At all relevant times, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq*.

80. Through their knowing or intentional failure to pay proper overtime wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

81. NYLL § 650 *et seq*. confers power upon the Commissioner of Labor and the wage board to recommend regulations with respect to overtime rates.

82. Accordingly, NYCRR § 142-2 provides for overtime rate compensation within the state of New York.

83. Plaintiff is an "Employee" of Defendants as defined by NYCRR § 142-2.14.

84. NYCRR § 142-2.2 requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employees regular rate . . ." in accordance with, and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq*., the Fair Labor Standards Act of 1938, as amended.

85. Defendants failed to pay Plaintiff the required overtime rate when he worked more than forty (40) hours per week.

86. Accordingly, Plaintiff performed work for which he was not properly compensated, and work of which Defendants had actual or constructive knowledge.

87. Defendants have no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the NYCRR.

88. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

89. NYLL § 663(1) further provides that Plaintiff is entitled to an award of his costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

90. Under NYLL § 663(1) Defendants are liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendant cannot prove a good faith

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for an Order:

A. Conditionally certifying this matter to proceed as a collective action pursuant to 29 U.S.C. 216(b);

B. requiring Defendants to provide the names and current (or best known) addresses of all members of the identified Collective and Class;

C. finding that Defendants willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiff and the collective group members;

D. finding that Defendants willfully violated the applicable provisions of the NYLL by failing to pay all required wages to Plaintiff and the New York Class members;

E. granting judgment in favor of Plaintiff and the members of the collective group and Class on all Counts;

F. awarding all available compensatory damages in an amount to be determined;

G. awarding all available statutory damages;

H. awarding an equal amount of liquidated damages as provided by the FLSA;

I.  awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

J.  awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

K.  awarding any further relief the Court deems just, necessary and proper;

L.  granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

M.  maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby demands a jury trial in the above-captioned matter.

Dated: December 7, 2017.

        Respectfully submitted,

        **/s/ Andrew R. Frisch**
        Andrew R. Frisch, Esq.
        NY Bar No.: 3957115
        **MORGAN & MORGAN, P.A.**
        600 North Pine Island Road, Suite 400
        Plantation, Fl. 33324
        Tel: 954-WORKERS
        Fax: 954-327-3013
        E-mail: AFrisch@forthepeople.com