# MORGAN & MORGAN®

*––– Attorneys At Law –––*

600 N. PINE ISLAND ROAD
SUITE 400
PLANTATION, FL 33324
(954) 318-0268
FAX: (954) 327-3013

December 3, 2018

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Angel Samaniego vs. Landscaping Design & Contracting, Inc., Block's Nursery, Inc., and Barry Block, Individually
            Case No. 2:17-cv-07153

Dear Judge Azrak:

    We are counsel to Angel Samaniego, Plaintiff, in the above-referenced matter. We write jointly with counsel for Defendants, Landscape Design & Contracting Inc., Block's Nursery, Inc. and Barry Block, Individually, (collectively "Defendants"), to respectfully request that the Court approve the settlement reached herein. See Settlement Agreement and Full and Final Release of Claims for Unpaid Wages ("Release"), attached hereto as Exhibit A. We are asking that the settlement be approved and that this action be dismissed with prejudice as to Plaintiff's individual claims.

    In this action, Plaintiff alleges, that Defendants failed to pay the minimum wage, overtime, and other wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to him and to members of a putative class/collective action. Defendants have denied and continue to deny all of the allegations made against them. In furtherance of the parties' mutual desire to avoid the burdens and expense of protracted litigation and to resolve their dispute, they have entered into a settlement, which the parties now request the Court to approve as fair and reasonable. The settlement was achieved via mediation conducted on October 24, 2018.

    In this regard, the parties represent to the Court that the Agreement: (a) is fair and equitable to all Parties; (b) reasonably resolves a *bona fide* disagreement between the Parties with regard to the merits of the Plaintiff's claims; (c) contains monetary consideration for the Plaintiff; and (d) discontinues the action, with prejudice, and on consent. The parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Release. The Release is the result of arduous arms-length bargaining among the parties and reflects parties' desire to settle and compromise fully and finally all of Plaintiff's

wage-and-hour claims asserted in this case and any potential other claims that Plaintiff has stated his willingness to compromise as part of the agreed-upon settlement terms.

**I.     The Standard**

It is well-established that "[c]ourts approve FLSA settlements where they are reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712 (PAC), 2014 U.S. Dist. LEXIS 157205, at *10 (S.D.N.Y. Nov. 4, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)); *Clark v. Ecolab Inc.*, No. 04 Civ. 4488 (PAC), 2010 U.S. Dist. LEXIS 47036, at *24 (S.D.N.Y. May 11, 2010); *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *35 (S.D.N.Y. Sept. 16, 2011); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 04082 (JCF), 2010 U.S. Dist. LEXIS 139136, at *15 (S.D.N.Y. Nov. 29, 2010); *deMunecas v. Bold Food LLC*, No. 09 Civ. 00440 (DAB), 2010 U.S. Dist. LEXIS 87644, at *17 (S.D.N.Y. Aug. 23, 2010); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09 Civ. 486 (ETB), 2012 U.S. Dist. LEXIS 144446, at *15 (E.D.N.Y. Oct. 4, 2012) ("the high standard for approval of a class action [settlement] under Rule 23 does not apply to an FLSA settlement").[1]

Moreover, "[t]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *deMunecas,* 2010 U.S. Dist. LEXIS 87644, at *20. That is, as long as the FLSA settlement "reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* at *17. The more lenient approach to approval of FLSA settlements is prudent given that an FLSA settlement implicates only the rights of the individuals who have affirmatively joined the action.

**II.    The Settlement Agreement Is Fair and Reasonable And Should Be Approved**

"Before a court will find a settlement fair and reasonable, the parties must provide enough information for the court to examine the *bona fides* of the dispute." *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635 (PAC), 2014 U.S. Dist. LEXIS 144038, at *2 (S.D.N.Y. Sept. 26, 2014). Here, the Settlement Agreement was clearly "reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud*, 2014 U.S. Dist. LEXIS 157205, at *10. Indeed, the settlement in this matter was only reached after a complaint was filed and answered, the parties had exchanged documents and information and had produced payroll records, correspondence, and company policies and procedures, and the parties drafted and submitted mediation statements to their Court-appointed mediator, and attended full-day mediation in an attempt to resolve the matter.

In this action, Plaintiff alleges Defendants knowingly permitted, encouraged, and required Plaintiff to work overtime hours without properly paying him proper overtime wages. Specifically, Plaintiff, who was employed as a laborer for Defendants, alleges that he worked on

---

[1] Virtually all FLSA settlement approval decisions published within the Second Circuit also involve a Rule 23 class action release, and the decisions track the detailed Rule 23 fairness factors. In such decisions, the more stringent Rule 23 approval standards may appear conflated with the FLSA approval standards.

average, at least twenty (20) unpaid overtime hours per week for Defendants. Because of this claimed extensive overtime, Plaintiff alleges that his weekly pay did not cover all of the wages to which he was entitled, in accordance with the FLSA.

While the number of hours worked is not in dispute, Defendants contend that they did not jointly employ Plaintiff and that he was paid overtime when he worked over 40 hours for one or more of the individual defendants.

Given these disputed issues, both parties and their counsel believe that this settlement is fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement"). Further, ongoing litigation would also likely involve costly motion practice over discovery issues, class and collective certification, and summary judgment, in addition to other expenses associated with trial. In the instant case, the parties arm's-length bargaining following litigation and the ability of the matter to be resolved without either party incurring further substantial litigation costs, which are factors that weigh in favor of finding the settlement fair and reasonable. Finally, this case does not involve the litigation of particularly novel and complex issues. Rather, the wage-and-hour claims brought by Plaintiff involve legal issues that have been litigated in many other cases, and therefore continued litigation likely would not significantly advance the development of the law.

That this action was styled as a class and collective action should not bar the approval of the settlement. Plaintiff would not be able to prove that he was treated in the same fashion as other employees. This is not an appropriate case for a multi-state class or collective. Plaintiff's claims are subject to New York law, whereas employees in other states are subject to other laws. The terms and conditions of their employment vary. He alone has a retaliation claim based on his termination, as a result of which his claims are not typical of the other putative class and collective members' claims and he might have a conflict with their interests. The terms on which he was paid varied at different times, and his terms and conditions would vary from those of other employees. If other employees believe they have the basis for any claims, which the company would dispute, there would be no impediment to their filing a new action and seeking all available relief in the appropriate jurisdiction.

For the foregoing reasons, it is respectfully requested that the Court approve the settlement in this matter as set forth above and in the Settlement Agreement, and enter the proposed Order discontinuing the action with prejudice, but retaining jurisdiction to enforce settlement if needed.

Respectfully,

 */s/ Andrew R. Frisch*
Andrew R. Frisch
*Counsel for Plaintiff*

## SETTLEMENT AGREEMENT AND PLAINTIFF'S
## FULL AND FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

1. This Agreement covers all understandings between ANGEL SAMANIEGO ("SAMANIEGO"), hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs), and LANDSCAPE DESIGN & CONTRACTING INC., BLOCK'S NURSERY INC, and BARRY BLOCK(hereinafter referred to collectively as "Defendants," a term which includes any parent corporation or subsidiary, affiliate or division, successors, spouse, assigns, beneficiaries, and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.  To settle and release any and all claims which Plaintiff has against Defendants related to Plaintiff's claims for unpaid wages which arose or may have arisen prior to the date of execution of this agreement.
    B.  To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.
    C.  That the below-referenced amount paid by Defendants represents a sum to which Plaintiff would not be entitled absent this Agreement.

3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff the total consideration of FIFTY-TWO THOUSAND ($52,000.00) DOLLARS, in twelve installment payments, all of which shall be delivered to Morgan & Morgan, P.A., 600 Pine Island Road, Suite 400, Plantation, FL 33324.

Each of the payments shall be in the aggregate amount of $4,333.33 and shall be payable in three (3) separate checks as follows: (i) One check in the amount of $1,416.67, less payroll deductions payable to "Angel Leon" representing unpaid wages; (ii) One check in the amount of $1416.67 payable to "Angel Leon," representing liquidated damages that will be issued on the basis of 1099; and (iii) One check in the amount of $1,499.99 payable to "Morgan & Morgan, P.A." as its reasonable attorneys' fees and costs that will be issued on the basis of 1099.

The first payment, for a total of $4,333.33, shall be made within 20 days of the date the Court issues an Order granting approval of the settlement. The remaining eleven (11) payments shall be made on or before the 15th of each consecutive month, until Defendants have paid the entire $52,000 due hereunder. The first of the remaining eleven payments will be made on the 15th of the month following the initial payment. (e.g. If the first payment is due December 20, 2018 the next payment would be due January 15, 2018).

*Plaintiff is specifically aware of, and agrees with, the amount of attorneys' fees and costs to be paid to their counsel for representing his interests in this matter.*

4. Each payment, as described in Paragraph 3 above, must be received by Plaintiff's' counsel (c/o Andrew R. Frisch, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Road, Suite 400, Plantation, Florida, 33324) by the due dates described therein. If the Defendants fail to make any one of the payments described above by the due date, the remaining balance of all amounts owed under this Agreement shall become immediately due and owing. Plaintiff shall have the right to immediately file a judgment against Defendants for all such amounts, plus interest (at the applicable State of New York interest rate in effect) from the date of the settlement agreement, and reasonable attorneys' fees and costs associated with the entry of such judgment. Defendants expressly agree and acknowledge that they are jointly and severally liable for all payments due hereunder.

5. The Plaintiff and Defendants (the "Parties") agree to request that the Court in the case of *Samaniego v. Landscape Design & Contracting Inc.*, Case No. 17-CV-7153, currently pending in the Eastern District of New York reserve jurisdiction over this case to enforce this settlement agreement, until such time as Defendants have made all payments due pursuant to Paragraph 3 herein.

6. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. Defendants agree that they are jointly and severally liable for any costs and/or fees that become due under this paragraph six (6) of this Agreement.

7. By this Agreement and upon full payment of all consideration called for herein as part of this settlement, Plaintiff fully and unconditionally releases any and all claims he may now have against LANDSCAPE DESIGN & CONTRACTING INC., BLOCK'S NURSERY INC, and BARRY BLOCK relating to the payment of wages and/or overtime wages that arose or may have arisen prior to the execution of this Agreement.

8. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

9. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

11. This Agreement will become effective upon its full execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

12. Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

13. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

14. Consultation and Authority. Counsel for the Parties warrant and represent that they have consulted with their respective clients and have full authority to enter into this Agreement on their behalf.

THE PARTIES FREELY, KNOWINGLY AND VOLUNTARILY ENTER INTO THIS AGREEMENT WITHOUT ANY DURESS OR COERCION. THE PARTIES HAVE CONSULTED IN DETAIL WITH COUNSEL OF THEIR CHOICE AND HAVE BEEN GIVEN AN AMPLE AND LENGTHY OPPORTUNITY TO DO SO. THE PARTIES HAVE CAREFULLY AND COMPLETELY READ ALL OF THE TERMS AND PROVISIONS OF THIS AGREEMENT.

11 The law governing this Agreement shall be that of the United States and the State of New York.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

DATE:_____   Signature:_____

ANGEL SAMANIEGO

DATE: 11/28/18   Signature: _____/s/ Barry Block_____

BARRY BLOCK, Individually

DATE: 11/28/18   Signature: _____/s/ Barry Block_____

LANDSCAPE DESIGN & CONTRACTING INC.

By: Barry Block

DATE: 11/28/18   Signature: _____

BLOCK'S NURSERY INC

By: Beth Ann Block (signatory acknowledges by signing this document that she is indicating that she along with the Defendants are jointly and severally liable for the payments due under this Agreement.)

Page **4** of **4**

DATE: 11/28/2018          Signature: _____
                                     ANGEL SAMANIEGO


DATE:_____          Signature: _____
                                     BARRY BLOCK, Individually


DATE:_____          Signature: _____
                                     LANDSCAPE DESIGN & CONTRACTING INC.

                                     By: Barry Block


DATE:_____          Signature: _____
                                     BLOCK'S NURSERY INC

                                     By: Beth Ann Block (signatory acknowledges by signing this document that she is indicating that she along with the Defendants are jointly and severally liable for the payments due under this Agreement.)